UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY SCHUMACKER and
BRANDON SCHUMACKER,

          Petitioners,

v.

STATE OF WASHINGTON, et al.,

          Respondents.

CASE NO. C14-5966 BHS

ORDER DISMISSING PETITION AND DENYING AS MOOT PETITIONERS' MOTION FOR A PRELIMINARY INJUNCTION

This matter comes before the Court on Petitioners Tiffany and Brandon Schumacker's ("Schumackers") second motion for a preliminary injunction (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motion, oral arguments, and the remainder of the file and hereby dismisses the Schumackers' petition and denies the motion as moot for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 10, 2014, the Schumackers filed a petition against the State of Washington ("State"), the Department of Social and Health Services ("DSHS"), Carlos Ramirez ("Mr. Ramirez"), and Courtney Ramirez (collectively "Respondents"). Dkt. 1. The Schumackers allege the following claims: (1) violation of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA");[1] (2) violation of the Parental Kidnapping Prevention Act ("PKPA"); and (3) violation of due process rights under 42

---

[1] The Schumackers cite generally to the UCCJEA in their petition. Both Washington and Tennessee have adopted the UCCJEA. *See* RCW 26.27.011; Tenn. Code Ann. § 36-6-201.

U.S.C. § 1983, 42 U.S.C. § 1985, and the Fourteenth Amendment. *Id.* at 3–4. The Schumackers seek injunctive and declaratory relief. *Id.* at 16–17.

On the same day they filed their petition, the Schumackers moved for a temporary restraining order and a preliminary injunction. Dkt. 2. The Court denied the Schumackers' motion. Dkt. 6. The Court, however, noted in its order that the Schumackers could renew their request for a preliminary injunction hearing after filing proof of service of process on Respondents. *Id.*

On December 15, 2014, the Schumackers filed a supplemental memorandum in which they renewed their request for a preliminary injunction. Dkt. 7. The Court set a hearing for January 13, 2015. Dkt. 8.

On December 23, 2014, the Schumackers filed a second motion for a preliminary injunction. Dkt. 10. On January 6, 2015, the State and DSHS responded. Dkt. 12. That same day, the Schumackers filed a supplemental memorandum. Dkt. 13.

On January 13, 2015, the Court held a hearing. Dkt. 18.

## II. FACTUAL BACKGROUND

In December 2002, Tiffany Schumacker ("Ms. Schumacker") married Mr. Ramirez. Dkt. 1, Declaration of Tiffany Schumacker ("Schumacker Dec.") ¶ 1. Ms. Schumacker and Mr. Ramirez had three children: NR, MR, and BR. *Id.*

In June 2010, Ms. Schumacker and Mr. Ramirez divorced. *Id.* Following their divorce, Ms. Schumacker and Mr. Ramirez entered into a parenting plan. Dkt. 1, Affidavit of Lloyd Tatum ("Tatum Aff.") ¶ 5. Under this parenting plan, the children resided with Ms. Schumacker in Washington. *Id.*

On October 1, 2014, DSHS received a referral regarding Ms. Schumacker's treatment of NR. Dkt. 12, Declaration of Stacy Johnson ("Johnson Dec."), Ex. A at 7. The following day, DSHS received another referral regarding Ms. Schumacker's treatment of NR. *Id.* at 8. In light of these referrals, Child Protective Services initiated an investigation into possible mistreatment. Johnson Dec. ¶ 4.

On October 16, 2014, Mr. Ramirez obtained a protective custody order from a Tennessee state court. Dkt. 1, Ex. A. This temporary custody order placed the children with Mr. Ramirez. *Id.* That same day, military policy on Fort Lewis placed the children in protective custody. Johnson Dec., Ex. A at 12.

On October 17, 2014, Mr. Ramirez came to Washington. Johnson Dec., Ex. A at 13. The children were released from protective custody and placed with Mr. Ramirez. *Id.*

The children currently reside with Mr. Ramirez in Tennessee. Tatum Aff. ¶ 9. The Tennessee state court proceedings are still ongoing. *Id.* ¶ 5.

### III. DISCUSSION

The Schumackers seek federal intervention into an ongoing child custody dispute. Specifically, the Schumackers ask the Court to (1) overturn the Tennessee state court order granting Mr. Ramirez custody of the children; and (2) declare that the children be returned to Ms. Schumacker's custody in Washington. Dkt. 1 at 5.

The Schumackers assert that the Court has federal question jurisdiction to hear their claims. *Id.* at 3. Neither the UCCJEA nor the PKPA provides a private right of action in federal court. *See Thompson v. Thompson*, 484 U.S. 174, 187 (1988); *Becker v.*

*State of Cal.*, 17 F.3d 393 (9th Cir. 1994) (unpublished disposition).  Thus, the Schumackers' section 1983 and 1985 claims provide the only basis for federal question jurisdiction in this case.  The Schumackers' section 1983 and 1985 claims, however, are inextricably intertwined with the ongoing child custody dispute in Tennessee.

DSHS argues that the Court should abstain from exercising jurisdiction over this child custody dispute under the domestic relations exception.  Dkt. 12 at 4.  The domestic relations exception divests federal courts of jurisdiction "when the relief sought relates primarily to domestic relations . . . ."  *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 946–47 (9th Cir. 2008).  The Ninth Circuit, however, has held that "the domestic relations exception applies only to the diversity jurisdiction statute, [28 U.S.C.] § 1332."  *Id.* at 947.  As discussed above, the Schumackers' section 1983 and 1985 claims provide a basis for federal question jurisdiction not diversity jurisdiction.  The Court therefore concludes that the domestic relations exception does not apply in this case.

Although the parties do not address *Younger* abstention in their briefing, a federal court may raise the issue of *Younger* abstention *sua sponte*.  *See H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).  "Under *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings, including state administrative proceedings that are judicial in nature."  *San Remo Hotel*, 145 F.3d at 1103; *see also Younger v. Harris*, 401 U.S. 37 (1971).  "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are

(1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Id.* "When the case is one in which the *Younger* doctrine applies, the case must be dismissed." *H.C.*, 203 F.3d at 613.

The Court finds that all three *Younger* requirements are satisfied in this case. First, there is an ongoing state court proceeding. For the purposes of *Younger* abstention, the critical question is whether the state proceedings were underway before initiation of the federal action. *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987). Here, the state court proceedings in Tennessee were underway before the Schumackers filed this case. *See* Dkt. 1, Ex. A. The Tennessee state court proceedings are still ongoing. Tatum Aff. ¶ 5. Indeed, DSHS noted during oral argument that there is an upcoming hearing in the Tennessee case.

Second, this case implicates important state interests. As noted above, the Schumackers seek federal intervention into an ongoing state child custody dispute. "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979); *see also H.C.*, 203 F.3d at 613. "In addition, a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *H.C.*, 203 F.3d at 613 (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)). "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience." *Id.* (internal citations omitted).

Third, the Schumackers have an adequate opportunity to raise their federal constitutional claims in state court. Under *Younger*, federal courts "must assume that

1  state procedures afford an adequate remedy, in the absence of unambiguous authority to
2  the contrary." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003).
3  Moreover, *Younger* abstention applies "even if the constitutionality of the pending
4  proceeding is at the heart of [p]laintiff's claim." *Id.*  Here, the Schumackers allege that
5  DSHS violated their due process rights by removing the children from Ms. Schumacker's
6  custody.  Dkt. 1 at 3.  These constitutional claims are inextricably intertwined with the
7  ongoing custody dispute in Tennessee, and the Schumackers can seek redress in state
8  court.

9   In sum, the Schumackers seek "federal intervention into an ongoing state domestic
10  dispute." *H.C.*, 203 F.3d at 613.  The Court therefore finds that *Younger* abstention is
11  appropriate in this case.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Schumackers' petition is **DISMISSED**.  The Schumackers' motion for a preliminary injunction (Dkt. 10) is **DENIED as moot**.  The Clerk shall close this case.

Dated this 22nd day of January, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge